# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16CV535   HEA |
| CINDY GRIFFITH, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of Christopher Smith for leave to commence this action without payment of the required filing fee [Doc. #4]. Upon consideration of plaintiff's financial information, the Court will grant the motion and assess an initial partial filing fee of $24.36, which is twenty percent of plaintiff's six-month average deposit. *See* 28 U.S.C. § 1915(a). In addition, having carefully reviewed the amended complaint [Doc. #5], the Court will order plaintiff to show cause why this action should not be dismissed for failure to exhaust his prison remedies.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 680-82. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 681. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681-82. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Amended Complaint**

Plaintiff, an inmate at the Potosi Correctional Center, brings this 42 U.S.C. § 1983 action against Cindy Griffith (Warden), Brittney Coffman (Correctional Officer), and Shane Pashia (Caseworker). On page 3 of the amended complaint, plaintiff states, "I have filed an I.R.R. on the 26th of April which is the first step in the grievance policy." Page 8 of the amended complaint is a letter to this Court, in which plaintiff states, "I filed on the 28th of April. I have your copies of the I.R.R. coming to you as soon as I get them from the caseworker and the process of the grievance procedure moves along."

**Discussion**

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies *prior to filing a complaint in Federal Court*.

It does not appear that plaintiff has yet exhausted his prison grievance remedies. Because plaintiff is a prisoner and is proceeding pro se, the Court will give him an opportunity show cause why this action should not be dismissed, without prejudice to refiling at a later date, for failure to exhaust *all of his prison grievances prior to filing this action*. In so doing, plaintiff should set forth the dates that his appeals, if any, were filed and/or were denied. If plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $24.36 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court,"

and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days from the date of this Order why this action should not be dismissed for failure to fully exhaust his prison remedies prior to filing this action

**IT IS FURTHER ORDERED** that if plaintiff fails to respond or to otherwise comply with this Order, without first showing good cause, the Court will dismiss this action without prejudice and without further notice.

Dated this 22nd day of June, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE