# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV535   HEA |
| | ) | |
| CINDY GRIFFITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of the file.   For the reasons set forth below, this case will be dismissed, without prejudice, for plaintiff's failure to exhaust his prison grievances prior to bringing this action.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.   An action is frivolous if "it lacks an arguable basis in either law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   To determine whether an action fails to state a

claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id*. at 680-82. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 681. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id*. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681-82. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Amended Complaint

Plaintiff, an inmate at the Potosi Correctional Center, brings this 42 U.S.C. § 1983 action against Cindy Griffith (Warden), Brittney Coffman (Correctional Officer), and Shane Pashia (Caseworker). On page 3 of the amended complaint, plaintiff states, "I have filed an I.R.R. on the 26th of April which is the first step in the grievance policy." Page 8 of the amended complaint is a letter to this Court, in which plaintiff states, "I filed on the 28th of April. I have your copies of the I.R.R. coming to you as soon as I get them from the caseworker and the process of the grievance procedure moves along."

On June 22, 2016, the Court instructed plaintiff to show cause why this action should not be dismissed for his failure to exhaust all prison grievances prior to bringing this action [Doc. 9]. Plaintiff has now complied with the Court's Order and states, "I am currently on my final stage of the process[,] The Grievance Appeal Stage[,] as of June 14, 2016." Plaintiff further states that the "final stage of the process . . . takes no longer than 100 days to get an answer," and he asks the Court "to keep [his] case . . . pending until the Grievance Appeal is complete."

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516 (2002). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought. In *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003), the Eighth Circuit stated that if a prisoner's administrative remedies have not been exhausted prior to the filing of the lawsuit, the case must be dismissed, even if exhaustion occurs before the District Court rules on a motion to dismiss for failure to exhaust.

Plaintiff concedes that he has not yet exhausted his available administrative remedies. Therefore, his present claims are barred by 42 U.S.C. § 1997e(a), and this action will be dismissed accordingly. The dismissal will be without prejudice, thereby allowing plaintiff an opportunity, if he so chooses, to file another action in federal court once he has fully exhausted his prison remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue, because plaintiff has failed to exhaust his prison remedies.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of July, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE